```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

THOMAS A. TUCKER, JR.,

        Plaintiff,

vs.     No. 06-2708-B/V

SHELBY COUNTY, et al.,

        Defendants.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Thomas A. Tucker, Jr., a resident of Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 23, 2006, along with a motion seeking leave to proceed in forma pauperis. On the basis of the information set forth in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Shelby County[1] and the Shelby County Criminal Court, Division 8.

The factual allegations of the complaint consist, in their entirety, of the following:

> Upon being arrested on 2/1/94, and being transported to the Justice Center of Shelby County Jail. While in the Sally port entrance the arresting officer asked me to step

---

[1] Although the complaint names the Shelby County Justice Center as the sole defendant, a building is not a suable entity. The Court construes the complaint as asserting a claim against Shelby County.

out of the car and, stand in front of his police car. While he conducted a sreach [sic] of his car for drugs.

Plaintiff seeks money damages in the amount of $350 million.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The plaintiff's complaint is subject to dismissal in its entirety.

The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a)(2) provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." That statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Sixth Circuit has emphasized that "[a] complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998) (citation omitted); see also Minadeo v. ICI Paints, 398 F.3d 741, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v.

2

Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); Foundation for Interior Design Educ. Research v. Savannah College of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Hancock v. U.S. Dep't of Educ., No.04-2256-Ml/V, 2005 WL 3071881, at *3 (W.D. Tenn. Nov. 14, 2005). The complaint in this case is insufficient to give notice of the nature of Plaintiff's claims against Defendants, as it does not allege any wrongful act.

The Court ordinarily would order Plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. That course is unavailable, however, when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under those circumstances, the appropriate course is to dismiss the complaint without prejudice to Plaintiff's right to commence a new action about the same subject matter, so long as the new complaint complies with the Federal Rules of Civil Procedure.

In order to preclude the filing of another meritless action, however, the Court will briefly address another aspect of the complaint. A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). This case involves an arrest that occurred on February 1, 1994, more than twelve (12) years prior to the commencement of this action. Each and every claim in this complaint is time barred.

Accordingly, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(1)(B)(ii), for failure to state a claim on which relief may be granted, and pursuant to Fed. R. Civ. P. 8(a)(2).

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, but has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed <u>in forma pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.[2]

IT IS SO ORDERED this 27th day of November, 2006.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE

---

[2] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.